UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH                                           824 MARKET STREET
                                                              WILMINGTON, DE 19801
                                                                 (302) 252-2925

October 13, 2010

L. Jason Cornell                    Michael R. Lastowski
Fox Rothschild LLP                  Sommer L. Ross
919 North Market Street             Duane Morris LLP
Suite 1300                          1100 Market Street, Suite 1200
Wilmington, DE 19801-3046           Wilmington, DE 19801-1246

Alan L. Frank                       Stephan W. Ragland
Alan L. Frank Law Associates,       Kristen C. Wright
P.C.                                Bass, Berry & Sims PLC
8380 Old York Road                  100 Peabody Place, Suite 900
Suite 410                           Memphis, TN 38103
Elkins Park, PA 19027
                                    Attorneys for Defendants
Attorneys for Montague S.
Claybrook, Chapter 7 Trustee
for the Estates of American
Remanufacturers, Inc., et al.

**Re:  Montague S. Claybrook, as Chapter 7 Trustee of the estates of American Remanufacturers, Inc., et al. v. AutoZone Parts, Inc. Adv. Proc. No. 07-51597 (PJW)**

**Montague S. Claybrook, as Chapter 7 Trustee of the estates of American Remanufacturers, Inc., et al. v. AutoZone Texas, Limited Partnership; AutoZone, Inc. General Partner to AutoZone Texas, Limited Partnership, et al. Adv. Proc. No. 07-51603 (PJW)**

**(Consolidated)**

Dear Counsel:

This is with respect to Plaintiff's motion to amend the complaint (Doc. # 242).

While Plaintiff's conduct in this case has been erratic, to say the least, I believe the best way to conclude this matter is to grant Plaintiff's motion to file an amended complaint. IT IS SO ORDERED.

In Defendants' Response in Opposition to Motion to Compel AutoZone to Respond to the Trustee's Motion for Summary Judgment and Cross-Motion to Strike and for Sanctions, Defendants state that:

> the more efficient route would be to simply allow the stay implemented by the Order Approving Stipulation to stand until the Second Motion to Amend is disposed of, and then allow AutoZone to answer the amended complaint and require the Trustee to re-file or amend the Motion for Summary Judgment to accurately reflect his claims and position.

(Doc. # 250, p. 11.) I adopt that view of the matter.

While it does not appear to me that the amended complaint will trigger a need for further discovery, either party is entitled to pursue additional discovery. If the parties cannot agree on a schedule for going forward with this adversary proceeding, you should contact chambers to arrange for a status conference.

Very truly yours,

Peter J. Walsh

PJW:ipm